ARMSTRONG, *Local Agent*, v. BERKEY.

No. 5421.   Opinion Filed February 2, 1909.

(99 Pac. 921.)

1. CONSTITUTIONAL LAW—Amendment of Constitution—Submission to Popular Vote.  Where a proposition submitted to the people to amend the Constitution in fact contains two separate and distinct propositions—one for the amendment of the Constitution, and the other for the approval or rejection of an act or a certain portion thereof, or the repeal of the same—the two propositions cannot be united in the submission so as to have one expression of the voter answer both propositions, as voters thereby might be induced to vote for both propositions who would not have done so if the questions had been submitted singly.

1a. SAME—State Agency—Enforcing Act.  While a proposition to amend the prohibition article of the Constitution relating to the state agency, so as to extend it to towns within this state of 1,000 population or more, or one such agency at any other place within this state where the public necessity exists therefor, to be determined by the superintendent with the approval of the Governor, and a proposition for the approval or rejection or repeal of article 1 of the enforcing act (Laws 1907-08, p. 594, c. 69) may be submitted at the same election, the two cannot be united in one proposition so as to have one expression of the voter answer both propositions.

(Syllabus by the Court.)

*Error from District Court, Logan County, A. H. Huston, Judge.*

Action by B. F. Berkey against Arthur B. Armstrong, local agent for the sale of liquors.  Judgment for plaintiff, and defendant brings error.  Affirmed.

On the 5th day of December, A. D. 1908, the defendant in

error, as plaintiff, instituted his action in the court below against the plaintiff in error, as defendant, by petition for a writ of mandamus, alleging that on the 19th day of May, A. D. 1908, the defendant was appointed by the Governor of the state as local agent at the city of Guthrie, state of Oklahoma, for the sale of intoxicating liquors under the provisions of chapter 69, Sess. Laws Okla. 1907-08 (Laws 1907-08, p. 594), and on said date the defendant duly filed his bond as required by law, which bond was duly approved, and did all other things necessary for induction into said office; that the defendant became and was on the said 19th day of May, A. D. 1908, and has been ever since, the duly appointed and acting local agent under the provisions of said law for the sale of intoxicating liquors for medicinal and industrial purposes in the city of Guthrie; that, as such agent at the time hereinafter set out, the said defendant had in his possession as such local agent certain whisky purchased by the state and turned over to him, and in his custody, to be sold and disposed of as provided in said chapter 69 above referred to; that on the date hereinafter set out it became and was the official duty of the defendant to sell and dispose of said liquor upon the sworn statement of an applicant in writing, setting forth the name of the person by whom, and the purpose for which said liquor is to be used, when accompanied by a *bona fide* prescription signed by a licensed practicing physician, but which prescription shall not be filled more than once; that on the 5th day of December, A. D. 1908, the said plaintiff, who was at that time suffering from sickness which required the use of whisky as a medicine, in good faith, and for the purpose of procuring medicine alone, consulted one Dr. C. F. Cotteral, who was at the time a licensed practicing physician in the city of Guthrie, and that said physician after a personal examination of the plaintiff, and after making his own personal diagnosis of his physical condition and of the disease from which the plaintiff was at the time suffering, prescribed for said plaintiff as medicine for the treatment of the disease and sickness from which he found the plaintiff to be suffering one-

half pint of whisky, which prescription was in due form and as required by law; that, after obtaining said prescription, the plaintiff in person called upon the defendant and tendered him his sworn statement in writing, setting forth his claim and the purpose for which said liquor was to be used, showing that it was to be used for a purpose as contemplated and provided by law, at the same time tendering to the defendant the *bona fide* prescription of the said licensed, qualified, and practicing physician, said prescription not having at any time been filled, and such affidavit in writing in all things complying with the law; that the plaintiff tendered to the defendant the sum of money covering the entire purchase price of said whisky, and the same was done by him in good faith and for the sole purpose of obtaining such whiskey as a medicine, and not to be used by him for any other purpose; that said defendant, as such local agent, refused to sell and deliver to the plaintiff the said whisky upon the sole ground and reason that article 1, c. 69, Sess. Laws Okla. 1907-08, was and had been duly repealed by a vote of the people of the state Oklahoma at the general election held in said state of Oklahoma on November 3, A. D. 1908, and which said state question No. 1 was submitted in manner and form as follows, to wit:

"State Question No. 1.

"Referendum Proposed by the Legislature.

"Ballot Title.

"State Question Number One, is a proposed constitutional amendment and relates to the law in force establishing a state agency and local agencies for the sale of intoxicating liquors for medical and scientific purposes only; each sale to be registered, no sale to be made except upon a prescription signed by a registered practicing physician; if adopted will amend the Constitution so as to authorize the agency superintendent, with the approval of the Governor, to establish one such agency in each town of one thousand population, or wherever else a public necessity exists therefor.

"The law providing for the establishment of agencies for

the sale of alcoholic liquors for medicinal and scientific purposes --Shall it be adopted?

"Yes.

"No."

The result upon state question No. 1 having been declared and promulgated by the Governor of the State of Oklahoma on the 3d day of December, A. D. 1908, and in pursuance of said vote and by reason of the doubt in the mind of the said defendant as to whether or not article 1, c. 69, Sess. Laws 1907-08 Okla., had been or was repealed by said vote.

Plaintiff further alleged that said state question No. 1, as submitted to the voters of the state of Oklahoma, was and is only a question as to whether or not article 1, c. 69 Sess. Laws 1907-08, should become a part of the Constitution of the state of Oklahoma, and whether or not that portion of section 5 of said article 1 should be extended in force as an amendment to the Constitution of said state; that is to say, whether or not one agency for the sale of intoxicating liquors for lawful purposes may be established by the superintendent, subject to the approval of the Governor, in any incorporated town within this state of 1,000 population or more, or one such agency at any other place in this state where a public necessity exists therefor. Plaintiff further alleged that the effect and purpose of the submission of said state question No. 1 to the voters of the state of Oklahoma was only whether or not said article 1 of said chapter 69 should be and become a part of the Constitution of the state of Oklahoma, and whether or not the provisions of the Constitution of said state should be extended to towns of 1,000 population or more; the Constitution providing that it could only be exercised in towns of 2,000 population or more. Plaintiff further alleged that no proposition has ever been submitted to the people of the state of Oklahoma either at the election of November 3, A. D. 1908, or at any other time, to repeal article 1 of said chapter 69, and, as above set out, the only proposition submitted was as to the amendment of the Constitution, and if it should be claimed that the proposition so submitted, being state question No. 1, was both for the amendment

of the Constitution and the repeal of said article 1, then the plaintiff charges that the form of said submission as pretended to be set forth by said chapter 69 is void, in that, under said chapter, two separate propositions were attempted to be submitted to the people on one ballot, and to be voted on only by one ballot and as one proposition, so that it was impossible for any elector to discriminate between the two propositions under the form of said .submission each voter being obliged to vote either for or against both propositions, and cannot express his will thereon as to said propositions separately.

The defendant admits that the plaintiff has in all respects complied with the provisions of all the requirements of said chapter 69, but refuses to make said sale of whisky to the plaintiff only and solely upon the question of.law involved, and the question as to whether or not said article I of chapter 69 has been or is repealed by said vote; that plaintiff has no other or adequate remedy at law, and that no action for damages against the defendant would compensate plaintiff for the damage to his health and the suffering he might incur by reason of such refusal; that such damages are not capable of proper measurement, and the plaintiff, unless a writ of mandamus should issue, is without legal remedy to obtain said whisky for use by him as a medicine, as he is lawfully to do.

Thereafter, on the 5th day of December, A. D. 1908, said cause was heard upon the application of the plaintiff for a preemptory writ of mandamus against the defendant, the record not disclosing that any pleadings were filed on the part of the defendant. Judgment was rendered against the defendant, and a writ of mandamus awarded as prayed for. Afterwards, in due time, defendant filed a motion for a new trial on the ground that the judgment and decree of the court was contrary to law. This cause is now properly before this court for review.

*Fred S. Caldwell,* Special Counsel, for plaintiff in error.

*Henry E. Asp* and *Devereux & Hildreth,* for defendant in error.

WILLIAMS, J.   (after stating the facts as above).   The question involved in this record is identical with that in the case of *Lozier, Superintendent of the State Agency, etc., Plaintiff in Error, v. Alexander Drug Company*, Defendant in Error (No. 541, recently decided by this court), ante, p. 1, 99 Pac. 808.

Upon the authority of that case, the judgment of the lower court is affirmed.

All the Justices concur.